(5 App. Div. 404.)

RICHARDSON v. THEDFORD et al.

(Supreme Court, Appellate Division, First Department. May 22, 1896.)

DISMISSAL OF ACTION—CONDITIONS—PAYMENT OF COSTS.

Plaintiff sued, as the widow of a decedent, to recover from decedent's grantees dower in land which he had conveyed during his lifetime, representing himself to be unmarried. At the instance of defendant grantees, the devisee of decedent was brought in as a party defendant. Afterwards the action was settled by a stipulation between plaintiff and defendant grantees. *Held*, that it was proper, on dismissing the action, to require the grantees to pay the costs incurred by the devisee in consequence of being made a party to the action.

Appeal from special term, New York county.

Action by Louisa A. Richardson against George W. Thedford, Sarah Thedford, and Peter J. Ryan to recover dower in land conveyed to defendant George W. Thedford by Benjamin Richardson, whose widow plaintiff claimed to be. On the motion of said defendants, an order was granted making Joseph B. Richardson, the devisee of Benjamin Richardson, a party defendant. Afterwards the action was settled by a stipulation between plaintiff and defendants Thedford and Ryan, and said defendants moved for a discontinuance of the action and a cancellation of the lis pendens. From an order imposing, as a condition of the discontinuance, payment by defendants Thedford and Ryan of certain costs to Joseph B. Richardson, said defendants appeal. Affirmed.

The action was brought originally against the appellants alone to recover dower in certain real estate. The plaintiff claimed she was the widow of one Benjamin Richardson, who was, during his lifetime, the owner of the real estate, and who had conveyed the same to the appellant George W. Thedford, representing himself to be unmarried. After issue had been joined in the action between the original parties thereto, the appellants, by motion, without notice to the defendant Richardson, procured an order to be made bringing defendant Richardson into the action as a defendant, and requiring the summons, complaint, and lis pendens to be amended accordingly, and the summons and complaint to be served upon the defendant Richardson, and allowing the appellants to serve their answer to the amended complaint upon such defendant Richardson; the prayer for relief in such answer being that, if the plaintiff be awarded dower in the real estate, it be assigned out of lands of which Benjamin Richardson died seised, in exoneration of the real estate of the appellants. Pursuant to this order, defendant was made a party to the action; the summons, complaint, and lis pendens, and appellants' answer were amended and served; and the defendant Richardson made answer to the complaint and the appellants' answer, and served the same upon plaintiff's and appellants' attorney. The plaintiff and the appellants thereafter agreed upon a settlement of the action, and made a stipulation of discontinuance and cancellation of the lis pendens. The defendant Richardson refused to join in such a stipulation unless his costs were paid, and thereupon this motion was made, and the order appealed from was entered.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTER-SON, and INGRAHAM, JJ.

Edward W. S. Johnston, for appellants.

M. C. Milnor, for respondent.

WILLIAMS, J. The defendant Richardson was entitled to be paid his costs as a condition of the discontinuance of the action and the cancellation of the lis pendens as to him. He was not a necessary party to the action, so far as the plaintiff or any relief sought by her were concerned. She did not make him a party to her action originally, nor did she voluntarily bring him into the action at all, or ask any relief whatever against him. The appellants procured an order requiring and compelling plaintiff to make him a party defendant. He was so brought in for the benefit of the appellants alone, so as to enable them to ask for equitable relief against him for their own protection. Under these circumstances, the plaintiff could not be required to pay his costs, even if she were asking for a discontinuance of the action and the cancellation of the lis pendens herself. She was not, however, asking for any such thing. She did not join in the motion at all. The appellants made the motion to compel what the defendant Richardson would not consent to, unless his costs were paid by some one. The order, as made, did not deny the motion for a discontinuance and cancellation of the lis pendens, even if the costs were not paid, nor did it require the costs to be paid. It merely granted the appellants the relief they sought upon condition that they paid certain costs. The order is silent as to what should result if they failed to pay such costs. The appellants asked, for a favor, to terminate the action. All the parties had agreed to this except the defendant Richardson. He had been brought into the action by the procurement of the appellants, had been made the expense of defending himself against appellants' allegations alone, and there was no reason why, if they wanted to terminate the action, they should not pay the expenses so made. The court, therefore, granted the relief sought by the appellants upon condition they should pay the costs. It was a favor to them. If they do not desire the relief upon the condition, they need not accept it. They are then in the same condition as before the motion was made. The defendant Richardson can bring the action to trial, and the relief he will be entitled to at the trial, the plaintiff not prosecuting the action, will be a decree, in the discretion of the court, that the appellants pay his costs. The court had power to impose the condition that his costs incurred be paid. It did impose, as such condition, the payment of the taxable costs before and after notice, term fees, and costs of the motion. There was no occasion for the taxation of the costs by the clerk. The amounts were all understood. The only possible doubt is as to whether there was proof before the court that there were five term fees earned in the case, but we think that there was sufficient in the papers for the court to act upon. It appears the de-

fendant Richardson's answer was served as early as August, 1895, and that the case was put upon the calendar. The order of discontinuance was not made until March 6, 1896. There were five terms between August, 1895, and March, 1896. The court might well determine, from these uncontradicted facts, that there had been five term fees earned. So that the condition imposed was merely and only the payment of defendant Richardson's taxable costs and $10 costs of the motion. We see no reason to differ with the special term as to the relief afforded.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.